UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THERESA A. MUMFORD, *et al*., | ) |
| Plaintiffs, | ) Case No. 2:14-cv-00787-GMN-CWH |
| vs. | ) **ORDER** |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiffs Theresa Mumford and Rodney K. Scott's ("plaintiffs") Motion to Compel Discovery of Defendant Wal-Mart Stores, Inc. ("defendant") and to Extend Time for Filing of Expert Designations and Report (doc. # 13), filed on October 14, 2014.

**BACKGROUND**

Plaintiffs allege that on or about August 3, 2012, plaintiff Theresa Mumford slipped in a puddle of water at the Wal-Mart store located at 5198 Boulder Highway, Las Vegas, Nevada, and sustained injuries. Plaintiffs sued defendant for negligence in state court, praying for general, special, and future damages, along with fees, costs, and any other appropriate relief. The action was removed to this Court on May 19, 2014.

On June 19, 2014, the parties filed a proposed discovery plan and scheduling order, which this Court granted on June 23, 2014. The parties subsequently filed a stipulation seeking an extension of the discovery cutoff deadline, which this Court granted on August 19, 2014. Plaintiffs now ask the Court to compel defendant to resubmit its responses to plaintiffs' interrogatories and to produce copies of work orders, incident reports, and invoices purportedly in defendant's possession. Plaintiffs also ask the Court to extend the discovery deadline for experts in light of defendant's "inadequate response" to plaintiffs' discovery requests. Doc. # 13 at 12.

# DISCUSSION

After careful review, the Court finds that plaintiffs' motion to compel must be denied for failure to comply with Local Rules 26-7(a) and 26-7(b), and Federal Rule of Civil Procedure 37(a)(1).

## A.  Local Rule 26-7(a)

Local Rule 26-7(a) requires a discovery motion to "set forth in full the text of the discovery originally sought and the response thereto, if any." Loc.Civ.R. 26-7(a). However, plaintiffs have simply attached defendant's prior discovery responses as exhibits, without including a copy of their own interrogatories and request for production of documents. In addition, plaintiffs do not bother to link their arguments to the complete text of requests and to defendant's specific discovery responses, and make no effort to address various other objections served in response to plaintiffs' requests. Plaintiffs appear to be operating under the misconception that it is the judiciary's responsibility to sift through scattered papers in order to identify viable claims and to manufacture arguments for parties. The Court dispels plaintiffs' misconception with this order.

## B.  Local Rule 26-7(b) and Federal Rule of Civil Procedure 37(a)(1)

Under Rule 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.Pro. 37(a)(1). Moreover, Local Rule 26-7(b) states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Loc.Civ.R. 26-7(b).

Rule 37's meet and confer requirement and Local Rule 26-7(b)'s personal consultation requirement serve important purposes; they "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." Nevada Power v. Monsanto, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." Id. To serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply

a formal prerequisite to, judicial review of discovery disputes." Id. To do so, the parties must "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." Id. Judicial intervention is only appropriate when: (1) informal negotiations reach an impasse on the substantive issue disputed, or (2) a party acts in bad faith by refusing to engage in negotiations or by refusing to provide specific support for its claims of privilege. Id.

Here, plaintiffs' efforts to engage in meaningful discussions to resolve discovery disputes is sorely inadequate. Plaintiffs fail to demonstrate that the parties engaged in the type of meet and confer process or personal consultation contemplated by the rules. Instead, it appears the parties exchanged nothing more than an email before plaintiffs filed the instant motion. Nowhere is it apparent in the instant motion that plaintiffs made the requisite good faith effort at personal consultation.

## CONCLUSION AND ORDER

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery of Defendant Wal-Mart Stores, Inc. and to Extend Time for Filing of Expert Designations and Report (doc. # 13) is **denied without prejudice**.

DATED: October 21, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**